IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NATIONAL PROPANE GAS ASSOCIATION<br>1150 17th Street, N.W., Suite 310<br>Washington, DC  20036-4623; and<br><br>GORHAMS', INC., d/b/a NORTHWEST GAS<br>1608 N.W. 4th Street<br>Grand Rapids, MN  55744-2103,<br><br>       Plaintiffs,<br><br>vs.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY<br>Washington, DC  20528; and<br><br>The Honorable MICHAEL CHERTOFF, as Secretary of the Department of Homeland Security<br>Washington, DC  20528,<br><br>       Defendants. | Case No.<br><br>Judge:<br><br>ADMINISTRATIVE AGENCY REVIEW |

## COMPLAINT

Plaintiffs The National Propane Gas Association and Gorham's, Inc., doing business as Northwest Gas (collectively, "NPGA"), allege the following against Defendants United States Department of Homeland Security and The Honorable Michael Chertoff, as Secretary of the Department of Homeland Security (collectively, "DHS"):

- 1 -

## NATURE OF THE ACTION

1.      This is an action under the judicial review provisions of the Administrative Procedure Act, 5 U.S.C. §§ 701–706, prohibiting DHS from implementing and enforcing the Chemical Facility Anti-Terrorism Standards ("CFATS") final rules published by DHS on April 9, 2007 at 72 Fed. Reg. 17,699 (April 9, 2007), and November 20, 2007 at 72 Fed. Reg. 65,396 (Nov. 20, 2007), as the CFATS apply to any chemical facility possessing more than 60,000 pounds of propane, and not otherwise excluded.

2.      NPGA seeks declaratory and injunctive relief on the grounds that the CFATS final rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; and in excess of statutory jurisdiction, authority, or limitations. 5 U.S.C. §§ 706(2)(A) and (C).

## PARTIES

3.      Plaintiff National Propane Gas Association is the national trade association representing the United States' propane industry. Its membership includes small businesses and large corporations engaged in the retail marketing of propane gas and appliances; producers and wholesalers of propane equipment; manufacturers and distributors of propane gas appliances and equipment; fabricators of propane gas cylinders and tanks; and propane transporters. The Association has a membership of more than 3,500 companies in all 50 states, 38 affiliated state or regional associations, and members in 28 foreign countries. The Association represents every segment of the propane industry. Members of the Association are required to submit information under

or risk fines of up to $25,000 per day, administrative inspections, and administrative orders, including the potential of being ordered to cease operations.

4.   Plaintiff Gorhams', Inc. is a Corporation doing business under the name of Northwest Gas. Northwest Gas is an association of Minnesota propane and natural gas distribution companies.

5.   Defendant United States Department of Homeland Security is an executive department of the United States within the meaning of title 5, United States Code, and was established by the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135. The Department's mission includes leading the unified national effort to secure America. The Department endeavors to prevent and deter terrorist attacks and protect against and respond to threats and hazards to the nation. The Department ensures safe and secure borders, welcomes lawful immigrants and visitors, and promotes the free-flow of commerce.

6.   Defendant The Honorable Michael Chertoff is the Secretary of the Department of Homeland Security, having been unanimously confirmed by the Senate and sworn in as the second Secretary of the Department on February 15, 2005.

**JURISDICTION**

7.   This Court has jurisdiction over this matter under the provisions of 28 U.S.C. § 1331, since this matter arises under the laws of the United States, including the judicial review provisions of the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

8.   The Court also has jurisdiction over this matter under the provisions of 28 U.S.C. 2201-2202, the Declaratory Judgments Act.

## DHS RULES REGARDING THE CFATS

9.      On October 4, 2006, the President signed into law the Department of Homeland Security Appropriations Act, 2007. Pub. L. No. 109-295, 120 Stat. 1355 (the "Act").

10.     Section 550(a) of the Act required the Secretary of DHS to "issue interim final regulations establishing risk-based performance standards for security of chemical facilities and requiring vulnerability assessments and the development and implementation of site security plans for chemical facilities."

11.     Section 550(f) of the Act prohibits the Secretary of DHS from taking any action that would "supersede, amend, alter, or affect any Federal law that regulates the manufacture, distribution in commerce, use, sale, other treatment, or disposal of chemical substances or mixtures."

12.     Section 550(d) of the Act subjects any person or entity who violates regulations promulgated under the Act to a potential "civil penalty of not more than $25,000 for each day during which the violation continues."

13.     On April 9, 2007, DHS issued an "interim final rule" implementing the CFATS required by the Act. The interim final rule was published in the Federal Register at 72 Fed. Reg. 17,688.

14. On November 20, 2007, DHS published the final Appendix A to the CFATS. The final Appendix A was published in the Federal Register at 72 Fed. Reg. 65,396.

## PROPANE

15. Under the CFATS, propane is considered a "release-flammable" Security Issue "Chemical of Concern" ("COI").

16. Under the CFATS, any facility which "possesses" 60,000 pounds or more of propane, and is not otherwise excluded, must submit certain information to DHS in a computerized program known as a "Top-Screen."

17. If a facility "possesses" 60,000 pounds or more of propane, is not otherwise excluded, and fails to submit the Top-Screen information on or before January 22, 2008, the facility may be subjected to civil penalties of up to $25,000 per day, increased administrative inspections, and/or administrative orders, including orders to cease operations.

## TOP-SCREEN

18. Once it receives the Top-Screen information from a covered facility, DHS intends to use the information to determine whether the facility is "high risk."

19. A facility determined to be "high risk" is required to perform a "Security Vulnerability Assessment" ("SVA") that identifies facility security vulnerabilities. The facility must also develop and implement a "Site Security Plan" ("SSP") that satisfy certain standards developed by DHS. Some facilities may be able to submit an

"Alternate Security Program" ("ASP") in lieu of an SVA, SSP, or both. The facility is also required to maintain additional records and conduct certain training for employees.

20. If a facility "possesses" 60,000 pounds or more of propane, is not otherwise excluded, and fails to submit the respective SVA, SSP or ASP, the facility may be subjected to civil penalties of up to $25,000 per day, increased administrative inspections, and/or administrative orders, including orders to cease operations.

## COUNT I
## Violation of 5 U.S.C. § 706(2)(C)

21. Paragraphs 1 through 20 of this Complaint are hereby incorporated by this reference as if fully set forth herein.

22. In the Chemical Safety Information, Site Security and Fuels Regulatory Relief Act, Pub. L. No. 106-40 (codified as amended at 42 U.S.C. § 7412(r)(4)(B)), Congress exempted from regulation all propane "used as a fuel or held for sale as a fuel at a retail facility."

23. The Chemical Safety Information, Site Security and Fuels Regulatory Relief Act was placed into regulations promulgated by the Environmental Protection Agency at 40 C.F.R. § 68.126.

24. The CFATS violate Section 550(f) of the Act by regulating propane "used as a fuel or held for sale as a fuel at a retail facility." In effect, the CFATS regulate what was previously codified by Congress to remain unregulated.

25. The Administrative Procedure Act authorizes the Court to hold unlawful and set aside agency action, findings, and conclusions found to be in excess of statutory jurisdiction, authority, or limitation. 5 U.S.C. § 706(2)(C).

## COUNT II
### Violation of 5 U.S.C. §§ 553(b) and (c)

26. Paragraphs 1 through 25 of this Complaint are hereby incorporated by this reference as if fully set forth herein.

27. The Administrative Procedure Act requires DHS to provide notice of proposed rules, and allow for public comment on those rules. The Agency is then required to provide a cogent explanation as to why a particular course of action was chosen. 5 U.S.C. §§ 553(b) and (c).

28. The CFATS violate the Administrative Procedure Act by promulgating regulations which were not vetted through the notice and comment provisions.

29. Specifically, DHS has, at differing times, prescribed the use of a "Version 1.1.2" of a *CSAT Top-Screen User Manual*; a "Version 1.3" of a *CSAT Top-Screen User's Manual*, and a "Version 1.4" of a *CSAT Top-Screen User's Manual*. While use of the various manuals are mandatory for the submission of the Top-Screen information, neither the manuals themselves or the information required to be submitted were subjected to the notice and comment requirements of the Administrative Procedure Act.

30. At the same time, DHS has refused to set forth the criteria the Agency will use to determine whether a facility is "high risk," and thus subject to the SVA/SSP/ASP provisions of the CFATS.

31. The Administrative Procedure Act authorizes the Court to hold unlawful and set aside agency action, findings, and conclusions found to be not in accordance with law. 5 U.S.C. § 706(2)(A).

## COUNT III
### Violation of 5 U.S.C. § 706(2)(A)

32. Paragraphs 1 through 31 of this Complaint are hereby incorporated by this reference as if fully set forth herein.

33. The Administrative Procedure Act authorizes the Court to hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary or capricious. 5 U.S.C. § 706(2)(A).

34. The CFATS are arbitrary and capricious in several respects. For example, the term "possess" is never defined in the CFATS, while "possession" of a COI is the lynchpin of all requirements to submit Top-Screen and SVA/SSP/ASP information.

35. The CFATS are arbitrary in their regulation of "agricultural facilities." Such facilities were intended to be excluded from the CFATS, and were subjected to an administrative stay on December 21, 2007. The administrative stay applies to some, but not all, agricultural facilities, and fails to rationally explain the difference.

36. The CFATS are arbitrary and capricious in their treatment of different size tanks. The rules are based on incorrect assumptions, and actually create a greater safety risk to the public.

WHEREFORE, Plaintiffs The National Propane Gas Association and Gorhams', Inc., doing business as Northwest Gas, respectfully request the Court enter judgment against Defendants United States Department of Homeland Security and The Honorable Michael Chertoff, in his capacity as the Secretary of the United States Department of Homeland Security, as follows:

A. For an Order temporarily restraining, and preliminarily and permanently enjoining the Defendants from implementing and enforcing the CFATS against facilities possessing 60,000 pounds or more of propane, and not otherwise excluded;

B. For a declaration that the CFATS as applied to facilities possessing 60,000 pounds or more of propane, and not otherwise excluded, are arbitrary, capricious, not in accordance with law, and in excess of statutory limitations;

C. For an Order setting aside the CFATS as they apply to facilities possessing 60,000 pounds or more of propane, and not otherwise excluded;

D. For an award of their taxable costs for having to bring this action;

E. For an award of their reasonable attorneys' fees for having to bring this action;

F. For such other just and equitable relief as the Court deems necessary and proper.

RESPECTFULLY SUBMITTED this 16th day of January, 2008.

GALLAGHER & KENNEDY, P.A.

By: _____
Chris S. Leason
DC Bar No. 443588
2575 E. Camelback Road
Phoenix, AZ  85016-9225
Telephone:  (602) 530-8059
Facsimile:  (602) 530-8500
csl@gknet.com

## VERIFICATION

I, Chris S. Leason, am the counsel of record for Plaintiffs The National Propane Gas Association and Gorhams', Inc., doing business as Northwest Gas.  I am familiar with the foregoing allegations contained in the Complaint, and know them to be true of my own personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

Executed On this 16th day of January, 2008.

_____
Chris S. Leason

08-99
RWR

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS** National Propane Gas Association and Gorhams, Inc. d/b/a Northwest Gas

**DEFENDANTS** U.S. Department of Homeland Security and Secretary Michael Chertoff

11001

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __D.C.__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Chris S. Leason
Gallagher & Kennedy, PA
2575 E. Camelback Road, Phoenix, AZ 85016
(602) 530-8059

Case: 1:08-cv-00099
Assigned To : Roberts, Richard W.
Assign. Date : 1/17/2008
Description: TRO/PI

Attorney

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☒ 6 |

(7)

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☒ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☒ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

## ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| Real Property | Bankruptcy | Forfeiture/Penalty | |
|---|---|---|---|
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>Prisoner Petitions<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |
| Personal Property<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | Property Rights<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>Federal Tax Suits<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | Other Statutes<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | |

(4)

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 U.S.C. Section 706 legal challenge to final agency action

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)  ☐ YES  ☒ NO   If yes, please complete related case form.

DATE 1/16/08   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

17

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.