UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ─────────────────────────── ) | |
| NATIONAL PROPANE GAS ) | |
| ASSOCIATION, <u>et</u> <u>al.</u> ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 08-99 (RWR) |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| HOMELAND SECURITY, <u>et</u> <u>al.</u>, ) | |
| ) | |
| Defendants. ) | |
| ─────────────────────────── ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiffs, the National Propane Gas Association and
Gorhams', Inc., doing business as Northwest Gas (collectively
"NPGA"),[1] have sued the United States Department of Homeland
Security and its Secretary, Michael Chertoff (collectively
"DHS"), challenging the Chemical Facility Anti-Terrorism
Standards ("CFATS") final rules regulating certain propane
facilities as arbitrary, capricious and unlawful.  NPGA moves for
a temporary restraining order and preliminary injunction to
enjoin the implementation and enforcement of the rules.  Because
NPGA has failed to demonstrate any irreparable harm or that other
factors entitle it to the emergency relief sought, its motion for

───────────────

[1]  National Propane Gas Association is a national trade
association representing the United States' propane industry.
Northwest Gas is an association of Minnesota propane and natural
gas distribution companies.

-2-

a temporary restraining order and preliminary injunction will be denied.

BACKGROUND

The Department of Homeland Security Appropriations Act ("Act") required DHS to "issue interim final regulations establishing risk-based performance standards for security of chemical facilities and requiring vulnerability assessments and the development and implementation of site security plans for chemical facilities[.]"  Pub. L. No. 109-295, § 550(a).  DHS issued an interim final rule implementing the CFATS.  72 Fed. Reg. 17, 688 (Apr. 9, 2007).  Under the CFATS, a "covered chemical facility" ("CCF") -- a chemical facility deemed to present high levels of security risk[2] -- is subjected to certain special requirements.[3]  In order to determine whether a facility should be deemed a CCF, DHS requires facilities possessing

---

[2]  Any "establishment" that "possesses or plans to possess . . . a quantity of a chemical substance determined by the Secretary to be potentially dangerous or that meets other risk-related criteria identified by the Department" is considered a "chemical facility" or "facility."  6 C.F.R. § 27.105.  If the chemical facility is "determined by the Assistant Secretary to present high levels of security risk" or "is presumptively high risk[,]" it is considered a CCF.   Id.

[3]  For example, many CCFs must 1) conduct a "Security Vulnerability Assessment" that identifies facility security vulnerabilities; 2) develop and implement a "Site Security Plan" that identifies measures that satisfy the identified performance standards; 3) maintain compliance records, and 4) be subjected to DHS inspections.  See 6 C.F.R. §§ 27.215, 27.225, 27.245, 27.210(b), 27.250, 27.225.

-3-

chemicals designated as "chemical of interests" ("COIs") at particular quantities to submit information via an internet-based form called a "Top-Screen" so that DHS may determine whether the facility "presents a high level of security risk."  <u>See</u> 6 C.F.R. §§ 27.200(b)(2), 27.205.

DHS published an appendix to the CFATS on November 20, 2007, designating propane as a COI.  6 C.F.R. pt. 27, app. A.  That appendix and the CFATS direct any facility that possesses or plans to possess more than 60,000 pounds of propane to submit a Top-Screen no later than January 22, 2008.  Should a facility fail to meet the deadline, it "may be subject to civil penalties pursuant to § 27.300, audit and inspection under § 27.250, or, if appropriate, and order to cease operations under § 27.300."  6 C.F.R. § 27.200(c)(1).

Responding to the November 20, 2007 publication, NPGA filed suit against DHS on January 17, 2008 and moved for a temporary restraining order and preliminary injunction, seeking to enjoin the implementation and enforcement of the CFATS as applied to any facility possessing more than 60,000 pounds of propane.  NPGA argues that the CFATS represent a usurpation of DHS's authority under the Act and the CFATS rulemaking process violated the Administrative Procedure Act ("APA").  (<u>See</u> Pls.' Application for a TRO and Prelim. and Permanent Inj. 16 ("Pls.' Mot.").)

-4-

DISCUSSION

"[I]njunctive relief is an 'extraordinary and drastic remedy,' and it is the movant's obligation to justify, '*by a clear showing*,' the court's use of such a measure." <u>Citizens United v. FEC</u>, Civil Action No. 07-2240 (ARR, RCL, RWR), 2008 WL 134226, at *2 (D.D.C. Jan. 16, 2008) (citing <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997)). "The court will not issue such relief unless the movant shows that it has '1) a substantial likelihood of success on the merits, 2) that it would suffer irreparable injury if the injunction is not granted, 3) that an injunction would not substantially injure other interested parties, and 4) that the public interest would be furthered by the injunction.'" <u>Citizens United</u>, 2008 WL 134226, at *2 (citing <u>Omar v. Harvey</u>, 479 F.3d 1, 18 (D.C. Cir. 2007) (citation omitted)). "The four factors should be balanced on a sliding scale, and a party can compensate for a lesser showing on one factor by making a very strong showing on another factor." <u>In re: Navy Chaplaincy</u>, 516 F. Supp. 2d 119, 122 (D.D.C. 2007) (citing <u>CSX Transp., Inc. v. Williams</u>, 406 F.3d 667 (D.C. Cir. 2005)). However, "[a] movant must demonstrate at least some injury" to warrant securing an injunction. <u>In re: Navy Chaplaincy</u>, 516 F. Supp. at 122 (citations and internal quotations omitted). "[I]f a party makes no showing of

-5-

irreparable injury, the court may deny the motion for injunctive relief without considering the other factors." Id.

"If the plaintiff has failed to prosecute its claim for injunctive relief promptly, and if it has no reasonable explanation for its delay, [a] district court should be reluctant to award relief." Natural Resources Defense Council v. Pena, 147 F.3d 1012, 1026 (D.C. Cir. 1998). "A court may deny a plaintiff's application for a temporary restraining order or preliminary injunction without first providing a hearing on the merits when the record is sufficient to demonstrate a lack of right to relief." Smith v. Harvey, Civil Action No. 06-1117 (RWR), 2006 WL 2025026, at *2 (D.D.C. July 17, 2006) (citing Johnson v. Holway, 329 F. Supp. 2d 12, 14 n. 1 (D.D.C. 2004); Local Civil Rule 65.1(d) (allowing a court to decide a motion for preliminary injunction on the papers before holding a hearing)).

NPGA argues that it has a strong likelihood of success on the merits because DHS's rulemaking process for the CFATS was arbitrary and capricious and violated the APA. NPGA also argues that DHS exceeded its authority under the Act by superseding the Chemical Safety Information, Site Security and Fuels Regulatory Relief Act. (See Pls.' Mot. 8, 16.) Assuming, without deciding, that NPGA can demonstrate a likelihood of success of the merits, however, NPGA has failed to show -- or even argue, for that matter -- that it would suffer irreparable harm should the CFATS

-6-

be implemented and enforced as scheduled.  Although civil
penalties could certainly qualify as harmful to NPGA, the D.C.
Circuit has made clear that "mere injuries, however substantial,
in terms of money . . . are not enough" to constitute irreparable
harm.  Wis. Gas Go. v. Fed. Energy Regulatory Comm'n, 758 F.2d
669, 674 (D.C. Cir. 1985) (citation omitted).[4]  Similarly, NPGA
has failed to show how audits and inspections, or orders to cease
operations, could qualify as irreparable harm.  "The possibility
that adequate compensatory or other corrective relief will be
available at a later date, in the ordinary course of litigation,
weighs heavily against a claim of irreparable harm."  Id.

    Accordingly, there is little need to evaluate in detail the
likelihood of success here since NPGA wholly fails to argue or
demonstrate any irreparable harm.  Not only is any urgency
undermined by its choice to wait nearly sixty days after propane
was designated as a COI before seeking relief, see Pena, 147 F.3d
at 1026, any harm caused by the application of the CFATS to
chemical facilities at issue can be remedied at law.  Nor do the
remaining factors tilt in favor of granting the relief plaintiffs
seek.  NPGA argues that there would be no harm to DHS in striking
the CFATS as they apply to propane, and that an injunction would

---

    [4]  Recoverable monetary loss may constitute irreparable harm
where the loss threatens the very existence of the movant's
business.  See Wis. Gas Co., 758 F.2d at 674.  However, NPGA does
not argue that it faces such a threat.

-7-

be in the public interest because it would allow "DHS the time to
properly evaluate whether the regulation of propane under the
CFATS is warranted[.]"  (Pls. Mot. 17.)  However, there is
inherent harm to an agency in preventing it from enforcing
regulations that Congress found it in the public interest to
direct an agency to develop and enforce.  See, e.g., Hunter v.
Fed. Energy Regulatory Comm'n, Civil Action No. 07-1307 (RJL)
2007 WL 4302772, at *7 (D.D.C. Dec. 10, 2007) ("Given . . . the
harm that issuing an injunction would cause to [an agency's]
enforcement authority, the Court finds that the public interest
would not be served by issuing an injunction at this time.").
The balance of factors weighs decidedly against issuing a
temporary restraining order or preliminary injunction.

### CONCLUSION AND ORDER

Because NPGA has failed to justify by a clear showing the
injunctive relief it seeks, NPGA's motion for a temporary
restraining order and preliminary injunction will be denied.
Accordingly, it is hereby

ORDERED that NPGA's motion [3] for a temporary restraining
order and preliminary injunction be, and hereby is, DENIED.

SIGNED this 20th day of January, 2008.


                              /s/
                         _____
                         RICHARD W. ROBERTS
                         United States District Judge