AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

THE NATIONAL PROPANE GAS
ASSOCIATION; and

GORHAMS', INC., d/b/a NORTHWEST GAS          **SUMMONS IN A CIVIL CASE**

V.

U.S. DEPARTMENT OF HOMELAND SECURITY; and

The Honorable MICHAEL CHERTOFF, as Secretary of
the Department of Homeland Security

                             CASE NU

Case: 1:08-cv-00099
Assigned To : Roberts, Richard W.
Assign. Date : 1/17/2008
Description: TRO/PI

TO: (Name and address of Defendant)

Jeffrey A. Taylor
United States Attorney
District of Columbia
Judiciary Center Building
555 Fourth Street, NW
Washington, DC 20530
(202) 514-7566

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Chris S. Leason
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, AZ 85016
(602) 530-8059

an answer to the complaint which is served on you with this summons, within _____ 60 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON                    JAN 17 2008

CLERK                                       DATE

(BY) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | JANUARY 23, 2008 |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| CHRIS S. LEASON | ATTORNEY |

*Check one box below to indicate appropriate method of service*

G  Served personally upon the defendant. Place where served: _____

G  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

      Name of person with whom the summons and complaint were left: _____

G  Returned unexecuted: _____

G  Other (specify):  SERVED BY CERTIFIED MAIL IN ACCORDANCE WITH RULE 4(i)
               OF THE FEDERAL RULES OF CIVIL PROCEDURE.

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

      I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   JANUARY 23, 2008   _____
              Date               Signature of Server

          2575 EAST CAMELBACK ROAD
          PHOENIX, ARIZONA  85016
          Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

THE NATIONAL PROPANE GAS
ASSOCIATION; and

GORHAMS', INC., d/b/a NORTHWEST GAS

**SUMMONS IN A CIVIL CASE**

V.

U.S. DEPARTMENT OF HOMELAND SECURITY; and

The Honorable MICHAEL CHERTOFF, as Secretary of
the Department of Homeland Security

CASE

Case: 1:08-cv-00099
Assigned To : Roberts, Richard W.
Assign. Date : 1/17/2008
Description: TRO/PI

TO: (Name and address of Defendant)

The Honorable Michael B. Mukasey
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC  20530-0001
(202) 353-1555
AskDOJ@usdoj.gov

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Chris S. Leason
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, AZ  85016
(602) 530-8059

an answer to the complaint which is served on you with this summons, within _____60_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON                           JAN 17 2008

CLERK                                              DATE

(BY) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

---

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | JANUARY 23, 2008 |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| CHRIS S. LEASON | ATTORNEY |

*Check one box below to indicate appropriate method of service*

**G** Served personally upon the defendant.  Place where served: _____

_____

**G** Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

**G** Returned unexecuted: _____

_____

_____

**G** Other (specify):  SERVED BY CERTIFIED MAIL IN ACCORDANCE WITH RULE 4(i) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

---

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  JANUARY 23, 2008            _____
              Date            *Signature of Server*

2575 EAST CAMELBACK ROAD
PHOENIX, ARIZONA  85016
*Address of Server*

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

THE NATIONAL PROPANE GAS
ASSOCIATION; and

GORHAMS', INC., d/b/a NORTHWEST GAS

**SUMMONS IN A CIVIL CASE**

V.

U.S. DEPARTMENT OF HOMELAND SECURITY; and

The Honorable MICHAEL CHERTOFF, as Secretary of
the Department of Homeland Security

CA.

Case: 1:08-cv-00099
Assigned To : Roberts, Richard W.
Assign. Date : 1/17/2008
Description: TRO/PI

TO: (Name and address of Defendant)

U.S. Department of Homeland Security
Washington, DC 20528

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Chris S. Leason
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, AZ 85016
(602) 530-8059

an answer to the complaint which is served on you with this summons, within _____ 60 _____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON

JAN 1 7 2008

CLERK                                               DATE

_Laureen Higgins_

(By) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE<br>JANUARY 23, 2008 | |
| NAME OF SERVER *(PRINT)*<br>CHRIS S. LEASON | TITLE<br>ATTORNEY | |

*Check one box below to indicate appropriate method of service*

G   Served personally upon the defendant.  Place where served: _____
_____

G   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
      discretion then residing therein.

      Name of person with whom the summons and complaint were left: _____

G   Returned unexecuted: _____
_____
_____

G   Other (specify):   SERVED BY CERTIFIED MAIL IN ACCORDANCE WITH RULE 4(i)
                              OF THE FEDERAL RULES OF CIVIL PROCEDURE.
_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   JANUARY 23, 2008      _____
                          Date                        *Signature of Server*


                          2575 EAST CAMELBACK ROAD
                          PHOENIX, ARIZONA  85016
                          *Address of Server*

_____
(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

THE NATIONAL PROPANE GAS
ASSOCIATION; and

GORHAMS', INC., d/b/a NORTHWEST GAS            **SUMMONS IN A CIVIL CASE**

V.

U.S. DEPARTMENT OF HOMELAND SECURITY; and

The Honorable MICHAEL CHERTOFF, as Secretary of
the Department of Homeland Security

CASE NUI    Case: 1:08-cv-00099
Assigned To : Roberts, Richard W.
Assign. Date : 1/17/2008
Description: TRO/PI

TO: (Name and address of Defendant)

MICHAEL CHERTOFF, SECRETARY
U.S. Department of Homeland Security
Washington, DC  20528

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Chris S. Leason
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, AZ  85016
(602) 530-8059

an answer to the complaint which is served on you with this summons, within _____ 60 _____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON                          JAN 1 7 2008

CLERK                                             DATE

(BY) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE<br>JANUARY 23, 2008 |
| NAME OF SERVER *(PRINT)*<br>CHRIS S. LEASON | TITLE<br>ATTORNEY |

*Check one box below to indicate appropriate method of service*

G   Served personally upon the defendant.  Place where served: _____

G   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

G   Returned unexecuted: _____

G   Other (specify):   SERVED BY CERTIFIED MAIL IN ACCORDANCE WITH RULE 4(i)
                        OF THE FEDERAL RULES OF CIVIL PROCEDURE.

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

   I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   JANUARY 23, 2008          _____
                   Date                       Signature of Server


                   2575 EAST CAMELBACK ROAD
                   PHOENIX, ARIZONA  85016
                   *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Nancy M. Mayer-Whittington
Clerk

## NOTICE OF RIGHT TO CONSENT TO TRIAL
## BEFORE UNITED STATES MAGISTRATE JUDGE

The substantial criminal caseload in this Court and the requirements of the criminal Speedy Trial Act frequently result in a delay in the trial of civil cases. Aware of the hardship and expense to the parties, counsel, and witnesses caused by the delays which are beyond the control of the Court, this notice is to advise you of your right to a trial of your case by a United States Magistrate Judge. By statute, 28 U.S.C. § 636(c), Fed.R.Civ.P.73 and Local Rule 502, the parties, by consent, can try their case by means of a jury trial or bench trial before a United States Magistrate Judge. Appeals from judgments and final orders are taken directly to the United States Court of Appeals for the District of Columbia Circuit, in the same manner as an appeal from a judgment of a District Judge in a civil case.

## WHAT IS THE PROCEDURE?

One of the matters you are required to discuss at the meet-and-confer conference mandated by Local Rule 206 is whether the case should be assigned to a United States Magistrate Judge for all purposes, including trial.

All parties must consent before the case is assigned to a Magistrate Judge for trial. You may consent at any time prior to trial. If you expressly decline to consent or simply fail to consent early in the case, you are not foreclosed from consenting later in the case. However, a prompt election to proceed before a Magistrate Judge is encouraged because it will facilitate a more orderly scheduling of the case.

Attached is a copy of the "Consent to Proceed Before a United States Magistrate Judge for All Purposes" form. Your response should be made to the Clerk of the United States District Court only.

## WHAT IS THE ADVANTAGE?

The case will be resolved sooner and less expensively. The earlier the parties consent to assigning the case to a Magistrate Judge the earlier a firm and certain trial date can be established, even if the case is to be tried to a jury.

Upon the filing of the consent form and with the approval of the District Judge, the case will be assigned for all purposes to a Magistrate Judge.

CO-942A
Rev 3/95
Rev 7/99

Rev. 4/06

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

# INITIAL ELECTRONIC CASE FILING
# ORDER

Subsequent filings in this case must be made electronically using the Court's Electronic Case Filing System (ECF) pursuant to Local Rule 5.4.

ORDERED that counsel shall:

- Submit in paper, the original and copy of the complaint/notice of removal/petitions for habeas corpus and any accompanying papers (**not including summons and civil cover sheets**). Additionally, litigants are hereby required to provide those filings in PDF Format on a floppy disk or CD-Rom compact disk. The disk should be clearly labeled with the case number (if known) and the name of the parties. If unable to deliver the filing on a disk at the time of the new case filing, counsel should e-mail the initiating document and accompanying papers to dcd_cmecf@dcd.uscourts.gov by the close of business the day the new case was filed. Failure to supply electronic copies of the new case in a timely manner, will result in the attorney's name being added to the attorney non-compliant list and shared with the Court's ECF Judge's Committee. **Regardless of what option counsel chooses, the complaint/notice** of removal and accompanying papers must come to the Court as PDF documents. Each exhibit to the new case shall be in a separate PDF file. Failure to submit PDF versions of the complaint/notice of removal and other documents will delay the opening of the case in ECF.

- Register, if not previously registered, to become an electronic filer by completing and returning the enclosed ECF Registration Form found on the Court's Website at (www.dcd.uscourts.gov). The login and password are case specific and can be used for all cases.

- **Make all subsequent filings electronically. This is mandatory.**

- Have a PACER (Public Access to Court Electronic Records) account, in order to view dockets and documents. Call 1-800-676-6856 or visit www.pacer.psc.uscourts.gov for additional information.

- Schedule a training class at the Courthouse by going to the Court's ECF Internet Website (www.dcd.uscourts.gov/ecf.html). Also, filing instructions and an interactive tutorial can be found at this Internet Website.

## ROBERTS, J. RWR
### UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

## ELECTRONIC CASE FILES
## Attorney/Participant Registration Form

## LIVE SYSTEM

This form shall be used to register for an account on the Court's Electronic Case Files (ECF) system and to subscribe to the ECF EMail (Listserver) notification service. Registered attorneys and other participants will have privileges both to electronically submit documents, and to view and retrieve electronic docket sheets and documents for all cases assigned to the Electronic Case Files system. Listserver subscribers receive email messages whenever the Court wishes to electronically notify ECF registrants of pertinent ECF information.

The following information is required for registration:

If you are appointed pro bono or pro hac vice, please provide the case number: _____

First Name/Middle Initial/Last Name    _____  ____  _____

Last four digits of Social Security Number    _____

DC Bar ID#:    _____

Firm Name    _____

Firm Address    _____

                _____

                _____

Voice Phone Number    _____

FAX Phone Number    _____

Internet E-Mail Address    _____

By submitting this registration form, the undersigned agrees to abide by the following rules:

1.      This system is for use only in cases permitted by the **U.S. District Court for the District of Columbia.** It may be used to file and view electronic documents, docket sheets, and notices. Please visit the Court's ECF Internet, www.dcd.uscourts.gov, website to schedule training.

2.      Pursuant to Federal Rule of Civil Procedure 11, every pleading, motion, and other paper (except list, schedules, statements or amendments thereto) shall be signed by at least one attorney of record, or, if the party is not represented by an attorney, all papers shall be signed by the party. An attorney's/participant's password issued by the court combined with the user's identification, serves as and constitutes the attorney's/participant's signature. Therefore, an attorney/participant must protect and secure the password issued by the court.

If there is any reason to suspect the password has been compromised in any way, it is the duty and responsibility of the attorney/participant to immediately notify the court. This should include the resignation or reassignment of the person with authority to use the password. The Court will immediately delete that password from the electronic filing system and issue a new password.

3.    An attorney's/participant's registration will not waive conventional service of a summons and complaint, subpoena, or other judicial process; submit the client to the jurisdiction of the Court; or operate as a consent to accept service of pleadings, documents, and orders in actions in which such attorney/participant has not entered an appearance. An attorney's/participant's registration will constitute a waiver in law only of conventional service of other non-process pleadings, documents, and orders in the case. The attorney/participant agrees to accept, on behalf of the client, service of notice of the electronic filing by hand, facsimile or authorized e-mail.

4.    Upon receipt of your login and password, you are strongly encouraged to change your password, which may be done through the Utilities function, to a name easily recalled. **You may be subjected to a fee, should the Clerk's Office have to create a new password for you, or alternatively, you may be required to appear in person to receive your new password.**

5.    Attorneys who are active members of the bar of this Court, or government attorneys who are employed or retained by the United States, or who have been permitted to proceed *pro hac vice*, must file pleadings electronically.


Please return this form to:          U.S. District Court for the District of Columbia
                                     Attn:   Attorney Admissions
                                     333 Constitution Avenue NW, Room 1825
                                     Washington, DC  20001

Or FAX to:                           Peggy Trainum
                                     U.S. District Court for the District of Columbia
                                     (202) 354-3023


Applicant's Signature    _____


_____    _____    _____
Full Last Name               Initial of     Last 4 Digits SS#
                             First Name

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE NATIONAL PROPANE GAS ASSOCIATION<br>1150 17th Street, N.W., Suite 310<br>Washington, DC  20036-4623; and | ) ) ) ) ) | |
| | | Case No. |
| GORHAMS', INC., d/b/a NORTHWEST GAS<br>1608 N.W. 4th Street<br>Grand Rapids, MN  55744-2103, | ) ) ) ) | Case: 1:08-cv-00099<br>Assigned To : Roberts, Richard W.<br>Assign. Date : 1/17/2008<br>Description: TRO/PI |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | ADMINISTRATIVE<br>AGENCY REVIEW |
| U.S. DEPARTMENT OF HOMELAND<br>SECURITY<br>Washington, DC  20528; and | ) ) ) ) | |
| The Honorable MICHAEL CHERTOFF, as<br>Secretary of the Department of Homeland<br>Security<br>Washington, DC  20528, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## COMPLAINT

Plaintiffs The National Propane Gas Association and Gorham's, Inc., doing

business as Northwest Gas (collectively, "NPGA"), allege the following against

Defendants United States Department of Homeland Security and The Honorable Michael

Chertoff, as Secretary of the Department of Homeland Security (collectively, "DHS"):

## NATURE OF THE ACTION

1.     This is an action under the judicial review provisions of the Administrative Procedure Act, 5 U.S.C. §§ 701–706, prohibiting DHS from implementing and enforcing the Chemical Facility Anti-Terrorism Standards ("CFATS") final rules published by DHS on April 9, 2007 at 72 Fed. Reg. 17,699 (April 9, 2007), and November 20, 2007 at 72 Fed. Reg. 65,396 (Nov. 20, 2007), as the CFATS apply to any chemical facility possessing more than 60,000 pounds of propane, and not otherwise excluded.

2.     NPGA seeks declaratory and injunctive relief on the grounds that the CFATS final rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; and in excess of statutory jurisdiction, authority, or limitations.  5 U.S.C. §§ 706(2)(A) and (C).

## PARTIES

3.     Plaintiff National Propane Gas Association is the national trade association representing the United States' propane industry.  Its membership includes small businesses and large corporations engaged in the retail marketing of propane gas and appliances; producers and wholesalers of propane equipment; manufacturers and distributors of propane gas appliances and equipment; fabricators of propane gas cylinders and tanks; and propane transporters.  The Association has a membership of more than 3,500 companies in all 50 states, 38 affiliated state or regional associations, and members in 28 foreign countries.  The Association represents every segment of the propane industry.  Members of the Association are required to submit information under

or risk fines of up to $25,000 per day, administrative inspections, and administrative orders, including the potential of being ordered to cease operations.

4.    Plaintiff Gorhams', Inc. is a Corporation doing business under the name of Northwest Gas. Northwest Gas is an association of Minnesota propane and natural gas distribution companies.

5.    Defendant United States Department of Homeland Security is an executive department of the United States within the meaning of title 5, United States Code, and was established by the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135. The Department's mission includes leading the unified national effort to secure America. The Department endeavors to prevent and deter terrorist attacks and protect against and respond to threats and hazards to the nation. The Department ensures safe and secure borders, welcomes lawful immigrants and visitors, and promotes the free-flow of commerce.

6.    Defendant The Honorable Michael Chertoff is the Secretary of the Department of Homeland Security, having been unanimously confirmed by the Senate and sworn in as the second Secretary of the Department on February 15, 2005.

## JURISDICTION

7.    This Court has jurisdiction over this matter under the provisions of 28 U.S.C. § 1331, since this matter arises under the laws of the United States, including the judicial review provisions of the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

8.    The Court also has jurisdiction over this matter under the provisions of 28 U.S.C. 2201-2202, the Declaratory Judgments Act.

- 3 -

## DHS RULES REGARDING THE CFATS

9.      On October 4, 2006, the President signed into law the Department of Homeland Security Appropriations Act, 2007. Pub. L. No. 109-295, 120 Stat. 1355 (the "Act").

10.      Section 550(a) of the Act required the Secretary of DHS to "issue interim final regulations establishing risk-based performance standards for security of chemical facilities and requiring vulnerability assessments and the development and implementation of site security plans for chemical facilities."

11.      Section 550(f) of the Act prohibits the Secretary of DHS from taking any action that would "supersede, amend, alter, or affect any Federal law that regulates the manufacture, distribution in commerce, use, sale, other treatment, or disposal of chemical substances or mixtures."

12.      Section 550(d) of the Act subjects any person or entity who violates regulations promulgated under the Act to a potential "civil penalty of not more than $25,000 for each day during which the violation continues."

13.      On April 9, 2007, DHS issued an "interim final rule" implementing the CFATS required by the Act. The interim final rule was published in the Federal Register at 72 Fed. Reg. 17,688.

14.    On November 20, 2007, DHS published the final Appendix A to the CFATS. The final Appendix A was published in the Federal Register at 72 Fed. Reg. 65,396.

## PROPANE

15.    Under the CFATS, propane is considered a "release-flammable" Security Issue "Chemical of Concern" ("COI").

16.    Under the CFATS, any facility which "possesses" 60,000 pounds or more of propane, and is not otherwise excluded, must submit certain information to DHS in a computerized program known as a "Top-Screen."

17.    If a facility "possesses" 60,000 pounds or more of propane, is not otherwise excluded, and fails to submit the Top-Screen information on or before January 22, 2008, the facility may be subjected to civil penalties of up to $25,000 per day, increased administrative inspections, and/or administrative orders, including orders to cease operations.

## TOP-SCREEN

18.    Once it receives the Top-Screen information from a covered facility, DHS intends to use the information to determine whether the facility is "high risk."

19.    A facility determined to be "high risk" is required to perform a "Security Vulnerability Assessment" ("SVA") that identifies facility security vulnerabilities. The facility must also develop and implement a "Site Security Plan" ("SSP") that satisfy certain standards developed by DHS. Some facilities may be able to submit an

"Alternate Security Program" ("ASP") in lieu of an SVA, SSP, or both. The facility is also required to maintain additional records and conduct certain training for employees.

20.     If a facility "possesses" 60,000 pounds or more of propane, is not otherwise excluded, and fails to submit the respective SVA, SSP or ASP, the facility may be subjected to civil penalties of up to $25,000 per day, increased administrative inspections, and/or administrative orders, including orders to cease operations.

**COUNT I**
**Violation of 5 U.S.C. § 706(2)(C)**

21.     Paragraphs 1 through 20 of this Complaint are hereby incorporated by this reference as if fully set forth herein.

22.     In the Chemical Safety Information, Site Security and Fuels Regulatory Relief Act, Pub. L. No. 106-40 (codified as amended at 42 U.S.C. § 7412(r)(4)(B)), Congress exempted from regulation all propane "used as a fuel or held for sale as a fuel at a retail facility."

23.     The Chemical Safety Information, Site Security and Fuels Regulatory Relief Act was placed into regulations promulgated by the Environmental Protection Agency at 40 C.F.R. § 68.126.

24.     The CFATS violate Section 550(f) of the Act by regulating propane "used as a fuel or held for sale as a fuel at a retail facility." In effect, the CFATS regulate what was previously codified by Congress to remain unregulated.

25.    The Administrative Procedure Act authorizes the Court to hold unlawful and set aside agency action, findings, and conclusions found to be in excess of statutory jurisdiction, authority, or limitation.  5 U.S.C. § 706(2)(C).

## COUNT II
### Violation of 5 U.S.C. §§ 553(b) and (c)

26.    Paragraphs 1 through 25 of this Complaint are hereby incorporated by this reference as if fully set forth herein.

27.    The Administrative Procedure Act requires DHS to provide notice of proposed rules, and allow for public comment on those rules.  The Agency is then required to provide a cogent explanation as to why a particular course of action was chosen.  5 U.S.C. §§ 553(b) and (c).

28.    The CFATS violate the Administrative Procedure Act by promulgating regulations which were not vetted through the notice and comment provisions.

29.    Specifically, DHS has, at differing times, prescribed the use of a "Version 1.1.2" of a *CSAT Top-Screen User Manual*; a "Version 1.3" of a *CSAT Top-Screen User's Manual*, and a "Version 1.4" of a *CSAT Top-Screen User's Manual.*  While use of the various manuals are mandatory for the submission of the Top-Screen information, neither the manuals themselves or the information required to be submitted were subjected to the notice and comment requirements of the Administrative Procedure Act.

30.    At the same time, DHS has refused to set forth the criteria the Agency will use to determine whether a facility is "high risk," and thus subject to the SVA/SSP/ASP provisions of the CFATS.

31.    The Administrative Procedure Act authorizes the Court to hold unlawful and set aside agency action, findings, and conclusions found to be not in accordance with law.  5 U.S.C. § 706(2)(A).

## COUNT III
### Violation of 5 U.S.C. § 706(2)(A)

32.    Paragraphs 1 through 31 of this Complaint are hereby incorporated by this reference as if fully set forth herein.

33.    The Administrative Procedure Act authorizes the Court to hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary or capricious. 5 U.S.C. § 706(2)(A).

34.    The CFATS are arbitrary and capricious in several respects.  For example, the term "possess" is never defined in the CFATS, while "possession" of a COI is the lynchpin of all requirements to submit Top-Screen and SVA/SSP/ASP information.

35.    The CFATS are arbitrary in their regulation of "agricultural facilities." Such facilities were intended to be excluded from the CFATS, and were subjected to an administrative stay on December 21, 2007.  The administrative stay applies to some, but not all, agricultural facilities, and fails to rationally explain the difference.

36.    The CFATS are arbitrary and capricious in their treatment of different size tanks. The rules are based on incorrect assumptions, and actually create a greater safety risk to the public.

WHEREFORE, Plaintiffs The National Propane Gas Association and Gorhams', Inc., doing business as Northwest Gas, respectfully request the Court enter judgment against Defendants United States Department of Homeland Security and The Honorable Michael Chertoff, in his capacity as the Secretary of the United States Department of Homeland Security, as follows:

A.    For an Order temporarily restraining, and preliminarily and permanently enjoining the Defendants from implementing and enforcing the CFATS against facilities possessing 60,000 pounds or more of propane, and not otherwise excluded;

B.    For a declaration that the CFATS as applied to facilities possessing 60,000 pounds or more of propane, and not otherwise excluded, are arbitrary, capricious, not in accordance with law, and in excess of statutory limitations;

C.    For an Order setting aside the CFATS as they apply to facilities possessing 60,000 pounds or more of propane, and not otherwise excluded;

D.    For an award of their taxable costs for having to bring this action;

E.    For an award of their reasonable attorneys' fees for having to bring this action;

F.    For such other just and equitable relief as the Court deems necessary and proper.

RESPECTFULLY SUBMITTED this 16th day of January, 2008.

GALLAGHER & KENNEDY, P.A.

By: _____
Chris S. Leason
DC Bar No. 443588
2575 E. Camelback Road
Phoenix, AZ  85016-9225
Telephone:  (602) 530-8059
Facsimile:  (602) 530-8500
csl@gknet.com

## **VERIFICATION**

I, Chris S. Leason, am the counsel of record for Plaintiffs The National Propane Gas Association and Gorhams', Inc., doing business as Northwest Gas.  I am familiar with the foregoing allegations contained in the Complaint, and know them to be true of my own personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

Executed On this 16th day of January, 2008.

_____
Chris S. Leason